

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------   x

SHADI ABUDAYEH,

                      Plaintiff,

             -against-

THE CITY OF NEW YORK, NYPD POLICE OFFICER
CHRISTOPHER TORRESGARCIA, Shield No. 13220,
NYPD POLICE OFFICER ABRAHIM ANSE, Shield No.
18928, and NYPD POLICE OFFICERS JOHN AND JANE
DOES NUMBERS ONE THROUGH TEN,

                      Defendants.

----------------------------------------------------------------------   X

**COMPLAINT AND
JURY DEMAND**


DOCKET NO. 1:26-cv-1294


ECF CASE

Plaintiff SHADI ABUDAYEH, by his attorneys, Shulman-Hill, PLLC, as and for his

Verified Complaint herein, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action to recover money damages arising out of

defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections

1983 and 1988, and of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the

United States Constitution, and the laws and Constitution of the State of New York.

2.    This claim arises from a November 2, 2025, incident in which defendants,

acting under color of state law assaulted, used excessive force, falsely arrested and maliciously

prosecuted Plaintiff in the vicinity of 659 56th Street, County of Kings, State of New York.

3.    Plaintiff's arrest and the charges subsequently brought against him were

maliciously made and prosecuted by defendants through their intentional and knowing

misrepresentation of incriminating but untruthful statements, and through their intentional and knowing withholding of truthful and exculpatory evidence, all concerning an incident on November 2, 2025.

4. Defendants purposefully, negligently, and/or recklessly misrepresented and withheld evidence in order to arrest and charge Plaintiff with crimes he did not commit.

5. Defendants subjected Plaintiff to grotesque excessive force, caused him to be held in jail, and caused him to appear in Criminal Court multiple times before the charges against him were dismissed.

6. Plaintiff herein seeks redress for the constitutional and physical injuries inflected on him by defendants under color of law.

7. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

JURISDICTION

8. This action is brought in this Court pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

9. Jurisdiction is conferred upon this Court by 28 U.S.C §§ 1331, 1343(a)(3) and (a)(4), this being an action seeking an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

10. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C § 1367 under those claims that arise under the Constitution and Laws of the State of New York, as all of those claims derive from the same common nucleus of operative facts as Plaintiff's federal claims, as well they are part of the same case or controversy that gives rise to the federal claims

and causes of action here.

11.    Plaintiff has complied with the requirements of New York General Municipal Law Section 50-i.

12.    Plaintiff served a notice of claim on the Municipal defendants on November 13, 2025, within the time required by New York General Municipal Law Section 50-e.

13.    More than 30 days have passed since the service of the Notice of Claim.

14.    On February 17, 2026, Plaintiff submitted to an examination pursuant to New York General Municipal Law 50-h.

## VENUE

15.    Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C § 1391(a), (b), and (c), as a substantial part of the events given rise to this claim occurred in this district.

## JURY DEMAND

16.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

17.    At all times relevant hereinafter mentioned, Plaintiff, Shadi Abudayeh, was a resident of Kings County, in the City and State of New York.

18.    At all times hereinafter mentioned, DEFENDANT, the CITY OF NEW YORK ("the City"), was a municipal corporation duly organized and existing under the laws of the State of New York.

19.    The City is authorized to maintain a police department, The New York City Police Department ("NYPD"), which is authorized to perform all functions of a police department per the

applicable sections of the New York State Criminal Procedure Law.

20.    At all times hereinafter mentioned, Defendant NYPD Police Officer Christopher Torresgarcia, Shield, No. 13220, was a duly sworn police officer and an employee of the City and a member of the NYPD.

21.    Defendant, Officer Torresgarcia is being sued in his individual and official capacities.

22.    Upon information and belief, Defendant Torresgarcia Tax ID # is 974600.

23.    Defendant Officer Torresgarcia was assigned as a Police Officer to the 72nd Precinct.

24.    At all times hereinafter mentioned, Defendant NYPD Police Officer Abrahim Anse, Shield No. 18928, was a duly sworn police officer and an employee of the City and a member of the NYPD.

25.    Defendant, Officer Anse is being sued in his individual and official capacities.

26.    Upon information and belief, Defendant Anse Tax ID # is 979696.

27.    Defendant Officer Anse was assigned as a Police Officer to the 72nd Precinct.

28.    At all times relevant herein, defendants Torresgarcia and Anse acted under color if state law in the course and scope of their duties and/or functions as agents, employees, and officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

29.    At all times relevant herein, defendants Torresgarcia and Anse violated clearly established rights and standards under the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

30.    NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE

THROUGH TEN, were, at all times relevant herein, employees of the City of New York and members of the NYPD, whose names are presently unknown to the Plaintiff.

31.    NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN are being sued in their individual and official capacities.

32.    At all times relevant herein, defendants NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees and/or officers of the City and/or the NYPD.

33.    At all times relevant herein, defendants NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN violated clearly established rights and standards under the United States Constitution, of which reasonable police in their respective circumstances would have known.

## FACTUAL ALLEGATIONS TO ALL COUNTS

34.    On November 2, 2025, at approximately 3:30 a.m., Plaintiff was lawfully present in the vicinity of 659 56th Street, County of Kings, State of New York., when the defendant Police Officers unlawfully arrested Plaintiff without probable cause or legal justification.

35.    At the aforementioned place and time, Plaintiff was lawfully present inside his girlfriend's apartment.

36.    Defendant Officers Torresgarcia, Anse and other JOHN AND JANE DOE POLICE OFFICERS broke down the door and entered the apartment without justification or probable cause.

37.    Defendant Officers Torresgarcia, Anse, and other JOHN AND JANE DOE POLICE OFFICERS approached Plaintiff and engaged in a course of unlawful, violent conduct.

38.    Defendant Officer Torresgarcia grabbed Plaintiff and threw him down to the ground.

39.    Defendant Officer Torresgarcia proceeds to punch Plaintiff in the head and face.

40.    Defendant Officer Anse was handcuffing Plaintiff at the same time he was being punched in the head and face repeatedly by Defendant Officer Torresgarcia.

41.    Plaintiff blacked out and lost consciousness.

42.    Plaintiff broke one of his fingers because of Defendant Officer Anse placing Plaintiff in unreasonably tight handcuffs.

43.    At no time relevant herein did Plaintiff commit a crime or violate the law in any way, nor did the police officers have an objective reason to accuse Plaintiff of committing a crime or violating the law in any way.

44.    At no point did Defendant Officers recover any drugs, weapons, graffiti instruments, or other illegal contraband from Plaintiff or from a location that was in Plaintiff's possession, custody, or control.

45.    Plaintiff did not resist arrest.

46.    Nevertheless, Plaintiff was unlawfully arrested and handcuffed by the defendant officers without legal justification or probable cause.

47.    During his arrest, and transport into a police vehicle, Plaintiff was barely conscious.

48.    Thereafter, the Plaintiff was transported against his will to the NYPD 72nd Precinct by Defendant Torresgarcia, Anse and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN, where he was fingerprinted, photographed, and placed in a holding cell.

49.     While in custody, Defendants provided the Kings County District Attorney's Office with the false, misleading and/or incomplete information that Plaintiff committed a crime, specifically obstructing governmental administration, and other related charges.

50.     While Plaintiff was at the Precinct, he continually asked for medical attention, but was denied, and was told that it was not needed.

51.     Plaintiff was eventually taken to NYU Langone Brooklyn Hospital to be examined and treated for his injuries.

52.     The hospital conducted MRIs, CAT Scans and X-Rays.

53.     Plaintiff had previous brain surgery in which a metal plate was placed in his head.

54.     This is the same location where Defendant Officer Torresgarcia repeatedly struck Plaintiff.

55.     After Plaintiff was released from NYU Hospital,  the Defendant Officers took him back to the 72nd Precinct, and then eventual Central Bookings.

56.     Plaintiff was forced to endure inhumane jailhouse conditions and denied his liberty for approximately 36 hours before being seen by a judge.

57.     Plaintiff was released on his recognizance, and given a new Court date.

58.     Plaintiff sought further professional medical care upon his release.

59.     On February 4, 2026, all criminal charges were dismissed and sealed against Plaintiff.

60.     Plaintiff is still treating with professional medical providers at this time.

61.     Some of the police officer defendants, including Defendant Torresgarcia, Anse and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN observed the violation of Plaintiff's rights under the Constitution of the United States and New

York State Law and did nothing to prevent their fellow officers from unjustifiably arresting, confining, and using excessive force against Plaintiff.

62.     During all of the events described, Defendant Torresgarcia, Anse and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN acted maliciously and with the intent to injure plaintiff.

63.     The unlawful arrest, confinement, and use of excessive force by the individually named defendants caused Plaintiff to sustain physical, psychological, and emotional trauma.

DAMAGES

64.     Plaintiff has been grievously injured.

65.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c) Physical pain and suffering;

d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

e) Loss of liberty; and

f) Lost wages;

**CLAIMS FOR RELIEF**

## FIRST CAUSE OF ACTION
### Negligence
*Against all Defendants*

66.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

67.      Defendants owed a duty of care to Plaintiff.

68.      To the extent defendants claim that the injury to Plaintiff by the defendant officers were unintentionally caused and that the force used by defendants against them was unintentional, then the defendants breached a duty of care by, among other things, punching Plaintiff repeatedly in the head causing serious and permanent injuries, and handcuffing him despite their obvious injuries.

69.     As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

70.     All of the foregoing occurred without any fault or provocation by Plaintiff.

71.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

72.     The City, as the employer of the defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

73.     As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional and psychological injuries.

## SECOND CAUSE OF ACTION
### Assault
*Against All Defendants*

74. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

75. Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent, and/or menacing act which threatened such contact to Plaintiff, that such acts caused apprehension of such contact in Plaintiff.

76. As a direct and proximate result of such acts, defendant deprived Plaintiff of his rights under the laws of the State of New York.

77. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

78. The City, as the employer of the defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

79. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

### THIRD CAUSE OF ACTION
**Battery**
***Against All Defendants***

80. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

81. Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile

- 10 -

and/or offensive manner, punched Plaintiff repeatedly in the head with the intention of causing harmful and/or offensive contact to Plaintiff and caused such batteries.

82. As direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

83. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

84. The City, as the employer of the defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

85. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

**FOURTH CAUSE OF ACTION**
**Unlawful Stop, Question and Search**
*Against All Defendants*

86. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

87. The illegal approach, pursuit, stop, and grab employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

88. The conduct of defendants in approaching, stopping, and grabbing Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

89. As direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

90.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

91.    The City, as the employer of the defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

92.    As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

### FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### *Against All Defendants*

93.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

94.    By the actions described herein, defendants, each acting individually and in concert with one another, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff.

95.    Specifically, forcing Plaintiff's girlfriend to look on the extreme horrific assault, battery, and arrest of Plaintiff.

96.    The acts of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed Plaintiff by the laws and the constitution of the State of New York

97.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

98.    The City, as the employer of the defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

99.    As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

**SIXTH CAUSE OF ACTION**
**Negligent Hiring, Retention, Training and Supervision**
*Against All Defendants*

100.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

101.    The City of New York and its employees, servants, and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

102.    Upon information and belief, the City of New York and its employees, servants, and/or agents acting within the scope of their employment did knowingly hire and appoint defendant officers to positions that they would be unqualified for.

103.    These actions are a matter of public records and have been the subject of both ongoing ligation in New York State Supreme Court and widespread media attention.

104.    Upon information and belief, the City of New York itself has deemed that certain individual defendant officers were deemed unqualified to serve and that but for the actions of one of the City's agents would not have been hired.

105.    The City of New York is involved in ongoing litigation relating tot the hiring and firing of these officers who have found to be unfit for service.

106.    The City, as discussed herein, failed to adequately train its employees, created a foreseeable risk of injury to civilians, which the city had an obligation to prevent through the assumption of risk incidental to maintaining a police department.

107.    The City, as discussed herein, further negligently retained unfit officers, supervisors, and commanding officers, who contributed to the patterns, policies, and practices that allowed for the injuries herein claimed to occur to Plaintiff.

108.    The dangerous propensities of the NYPD police officers, including those of the 72nd Precinct, created a risk that the City should have known would harm the public.

109.    The City was negligent in its supervision of the individual defendant officers, and the NYPD more broadly, as evidenced by the history of constitutional violations against civilians, including those involving excessive force.

110.    The City's negligence led to Plaintiff's injuries here within claimed.

111.    Plaintiff was injured in a matter utterly intolerable in a civilized society, that shocks the conscience to an astounding degree.

112.    Accordingly, defendants are also liable for punitive damages.

### SEVENTH CAUSE OF ACTION
**Failure to Intervene**
*Against Individual Defendants*

113.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

114.    The defendants that did not physically touch Plaintiff but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose Constitutional Rights were being violated in their presence by other officers.

115.    Defendants failed to intervene to prevent the unlawful conduct described herein.

116.    As a result of the foregoing, Plaintiff suffered serious, debilitating, and permanent physical, emotional, and psychological injury, their liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subject to other physical constraints.

117.    As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

118.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

119.    The City, as the employer of the defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

120.    As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

**EIGHTH CAUSE OF ACTION**
**Violation of Article I, § 12 of the New York State Constitution**

121.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

122.    Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

i. Freedom from unreasonable search and seizure of his person and property;

ii. Freedom from arrest without probable cause;

iii. Freedom from false imprisonment that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

iv. Freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

v. Freedom from deprivation of liberty without due process of law.

123. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical injury, economic and emotional injuries, as well as a deprivation of liberty.

124. As a result of the above tortious conduct, Plaintiff were caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

125. As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

126. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

127. The City, as the employer of the defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

128. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

### NINTH CAUSE OF ACTION
**Individual Defendant Officer's Violation of Plaintiff's AC 8-802 Rights**
***Against Individual Defendants***

129.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

130.     The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

131.     The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

132.     The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched the Plaintiff, before detaining Plaintiff and further causing his detention for approximately 36 hours in total.

133.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

134.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

135.     By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

## TENTH CAUSE OF ACTION
**Individual Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights**
*Against Individual Defendants*

- 17 -

136.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

137.    The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

138.    Defendant Officers had a duty to protect Plaintiff from violations of his right under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-802, to wit; to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connections with a search or seizure.

139.    The Defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's AC 8-802 right against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

140.    Defendants failed to intervene failed to intervene to prevent the unlawful conduct described herein, thereby failed in their to intervene to protect Plaintiff from violation of his rights.

141.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

142.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

143.    By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

**ELEVENTH CAUSE OF ACTION**
**City-Employer's Liability for Defendant Officer's Violation of Plaintiff's AC 8-802**
*Against Defendant City*

145.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

146.    Defendant Officers are "covered individuals" as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolmen.

147.    The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

148.    The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

149.    The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search and seizure.

150.    The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched the Plaintiff, before detaining Plaintiff and further causing her detention for approximately 36 hours.

151.    By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

**TWELFTH CAUSE OF ACTION**
**City Employer's Liability for Defendant Officers Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights**
*Against Defendant City*

152. The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

153. Defendant Officers are "covered individuals" as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolmen.

154. The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

155. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

156. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search and seizure.

157. The Defendants that did not physically touch Plaintiff but were present when other officers violated Plaintiff's AC 8-802 rights against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

158. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

159. By reason of the acts and omissions by Defendants described above, Plaintiff has endured has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

## THIRTEENTH CAUSE OF ACTION
### False Arrest/False Imprisonment
### *Against All Defendants*

160. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

161. The acts and conduct of the Defendants constitute false arrest and false imprisonment under the laws of the State of New York.

162. Defendants intended to confine Plaintiff and, in fact confined Plaintiff, and Plaintiff was conscious of the confinement.

163. Additionally, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

164. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of New York and United States Constitution.

165. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York City Police Department, which are therefore responsible for their conduct.

166. The City, as the employer of the defendant officers, is responsible for their wrongdoing under the doctrine *respondeat superior*.

167. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## FOURTEENTH CAUSE OF ACTION

## Common Law Malicious Prosecution
### *Against All Defendants*

168.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

169.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under New York State law, the Fourth, Fifth, Eighth, and Fourteenth Amendments tot the Constitution of the United States.

170.    Defendants were directly and actively involved in the initiation or prosecution of criminal proceedings against Plaintiff, including by supplying and creating false information to be included in NYPD paper that was in NYPD Paperwork, providing falsely sworn information in accusatory instruments, and/or providing false information to the prosecutor.

171.    Each of the individual defendants, individually and collectively, commenced or continued, or cause the commencement or continuation of, criminal proceedings against Plaintiff and misrepresented and falsified evidence to the prosector and/or failed to make a full statement of relevant evidence – including potentially exculpatory evidence – to the prosecutor.

172.    As Plaintiff had not engaged in any criminal conduct, defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff.

173.    Defendants acted with malice in the absence of probable cause when they initiated criminal proceedings against Plaintiff.

174.    Notwithstanding defendants' misconduct, the criminal proceedings against Plaintiff were terminated in Plaintiff's favor on

175.    As a result of defendants' acts and omissions, defendants deprived Plaintiff of their federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damages and injured Plaintiff.

176.    The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

177.    Defendant the City of New York, as an employer of the individual defendants, is responsible for the officer's wrongdoing under the doctrine of *respondeat superior*.

178.    As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was incarcerated, and had his personal and livelihood destroyed.

**FIFTEENTH CAUSE OF ACTION**
**Deprivation of Federal Civil Rights Under 42 U.S.C. § 1983**
*Against Individual Defendants*

179.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

180.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established by the Constitution of the United States.

181.    All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

182.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

183.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

184.    The Defendant Police Officers and defendant City of New York, collectively and individually, while acting under the color of state law, engaged in Constitutionally violative conduct that constitutes a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the constitution of the United States.

185.    As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and loss of wages, and damage to his reputation and standing within his community.

186.    The defendants conduct entitled Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

187.    Plaintiff is similarly entitled to reasonable attorney's fees under 42 U.S.C. § 1988 and applicable federal law.

188.    As a result of defendants' impressible conduct, Plaintiff demands judgement against defendants in a sum of money to be determined at trial.

**SIXTEENTH CAUSE OF ACTION**
**Unlawful Stop and Search Under 42 U.S.C. § 1983**

*Against Individual Defendants*

189.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

190.    Defendants violated the Fourth and Fourteenth Amendments by their actions of stopping and searching Plaintiff without reasonable suspicion.

191.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SEVENTEENTH CAUSE OF ACTION
**False Arrest and False Imprisonment Under 42 U.S.C. § 1983**
*Against Individual Defendants*

192.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

193.    Defendants violated the Fourth and Fourteenth Amendment to the United States Constitution by wrongfully and illegally arresting, detaining, and imprisoning Plaintiff.

194.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiffs consent, and without probable cause or reasonable suspicion.

195.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## EIGHTEENTH CAUSE OF ACTION
**Malicious Prosecution Under 42 U.S.C. § 1983**
*Against Individual Defendants*

196.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

197.    Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of The United States.

198.    Defendants were directly and actively involved in the initiation or prosecution of criminal proceedings against Plaintiff, including by supplying and creating false information to be included in NYPS paper that was in NYPD Paperwork, providing false information in accusatory instruments, and/or providing false information to the prosecutor.

199.    Each of the individual defendants, individually and collectively, commenced or continued, or caused the commencement or continuation of, criminal proceedings against Plaintiff and misrepresented and falsified evidence to the prosecutor and/or failed to make a full statement of relevant evidence – including potentially exculpatory evidence – to the prosecutor.

200.    As Plaintiff had not engaged in any criminal conduct, defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff.

201.    Defendants acted with malice in the absence of probable cause when they initiated criminal proceedings against Plaintiff.

202.    Notwithstanding defendants misconduct, the criminal proceedings against Plaintiff were terminated in Plaintiffs favor on

203.    As a result of defendants' acts and omissions, defendants deprived Plaintiff of their federal, state, and/or legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend

costs and expenses; and/or otherwise damages and injured Plaintiff.

204. The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

205. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was incarcerated, and had his personal and livelihood destroyed.

### NINETEENTH CAUSE OF ACTION
### Denial of Constitutional Right to Fair Trial Under 42 U.S.C. § 1983
### *Against Individual Defendants*

206. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

207. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under the Fourth, Fifth, Sixth, and Fourteenth Amendments tot the Constitution of the United States.

208. Each of the defendants investigated, in their official capacities, the actions underlying into Plaintiff at the scene, Plaintiff's arrest, and Plaintiff's subsequent prosecution.

209. The individual defendants created false evidence against Plaintiff, to wit false police reports, and sworn statements alleging that Plaintiff committed assault in the Third Degree.

210. Defendant Officers forwarded false evidence to prosecutors in Kings County District Attorney's Office.

211. Defendants knowingly and intentionally failed to convey exculpatory information that was within their possession, and that conclusively established that Plaintiff was innocent in fact of any wrongdoing, despite their actual knowledge of such conclusive and exculpatory information.

212. The failure to transmit conclusive information and exculpatory information concerning a criminal defendant to the Kings County District Attorney is likely to influence the decision of any jury weighing the evidence presented in a prosecution of that criminal defendant.

213. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental constitutional rights, and was publicly embarrassed and humiliated, was incarcerated, was caused to feel unwell during the arrest processing, and had his personal reputation and livelihood destroyed.

**TWENTIETH CAUSE OF ACTION**
**Violation of Plaintiff's Fourth and Fourteenth Amendment**
**Rights: Excessive Force Under 42 U.S.C. § 1983**
*Against Defendant Officer Torresgarcia*

214. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

215. The use of excessive force by defendants by, amongst other things, punching Plaintiff repeatedly in the head and face and tightly handcuffed him behind his back while visibly injured, constituted objectively unreasonable physical seizure of Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

216. The conduct of the defendant directly and proximately caused the Plaintiff to

sustain injuries hereinbefore alleged.

## PUNITIVE DAMAGES

217.   Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if set forth fully herein.

218.   The acts of the defendant officers were willful, wanton, malicious, and oppressive, resulting in grave harm to Plaintiff, as discussed herein.

219.   Such acts shock the conscience and therefore warrant an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action, inclusive of punitive damages and attorney's fees, and inclusive of statutory interest on such damages, costs and fees, and such other relief as is appropriate under the law and that plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1983, and 1988, and such other further relief as this court may deem just and appropriate.

Dated:  March 4, 2026
New York, New York                           Respectfully submitted,

_Cary London_

_Cary London, Esq._
Bar Number: CL2947
Attorney for Shadi Abudayeh
Shulman & Hill, PLLC
1 State Street Plaza – 15th FL

- 29 -

New York, NY 10004
(212)-203-1090
Cary@Shulman-Hill.com

- 30 -